IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     CRIMINAL NO. 22-293 |
| MICHAEL GARRISON | : |

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Michael Garrison's guilty plea as to Counts One through Nine of the Information, charging him with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371 (Count One), and wire fraud, in violation of 18 U.S.C. § 1343 (Counts Two through Nine), the defendant is required to forfeit criminally his interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the aforesaid offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2. All property, real or personal, which constitutes or is derived from proceeds traceable to his violations of 18 U.S.C. §§ 371 and 1343 is forfeited to the United States.

3. The sum of $117,947 represents the value of property which constitutes or is derived from proceeds that the defendant obtained and are traceable to the offenses charged in Counts One through Nine of the Information.

4. The defendant shall forfeit to the United States $117,947 in proceeds that he obtained and are traceable to his violations of 18 U.S.C. §§ 371 and 1343, as charged in Counts One through Nine of the Information, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and Fed. R. Crim. P. 32.2(b)(2).

      5.      A money judgment in the amount of $117,947 is hereby entered against the defendant.

      6.      Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are not currently available because the proceeds cannot be located upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, the proceeds have been placed beyond the jurisdiction of the court, the proceeds have been substantially diminished in value, and/or the proceeds have been commingled with other property which cannot be divided without difficulty.  Therefore, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment.

      7.      The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

      8.      Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

      9.      Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

      10.      Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party

claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to counsel for the parties.

ORDERED this  1st  day of  February , 2024.

/s/ John M. Gallagher
**HONORABLE JOHN M. GALLAGHER,**
**United States District Court Judge**